U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 17 2011
CLERK, U.S. DISTRICT COURT
by_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLARENCE HILL, JR., and VALERIE FIELDS-HILL, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:11-CV-644-A |
| WELLS FARGO BANK, NA, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION
and
## ORDER

Now pending in the above-captioned action is the motion to dismiss for failure to state a claim upon which relief may be granted, filed by defendant, Wells Fargo Bank, NA ("Wells Fargo"), on September 27, 2011. Plaintiffs, Clarence Hill, Jr., and Valerie Fields-Hill, filed no response to the motion, and the issues are ripe for consideration. After having considered such motion, the pleading by which this action was initiated in state court, and applicable legal authorities, the court has concluded that the motion to dismiss should be granted.[1]

---

[1] The court has subject matter jurisdiction over plaintiffs' claims against Wells Fargo, NA ("Wells Fargo") by reason of 28 U.S.C. §§ 1441 and 1331, because plaintiffs' allegations concerning the Real Estate Settlement Procedures Act ("RESPA") arise under the laws of the United States. See 12 U.S.C. §§ 2605, et seq. The court has supplemental jurisdiction over all other claims. 28 U.S.C. § 1367.

I.

Background

Plaintiffs initiated this removed action by a pleading filed in the District Court of Tarrant County, 153rd Judicial District, on September 6, 2011, against Wells Fargo. According to plaintiffs' characterization of their suit, it was "a suit to enjoin and restrain a foreclosure proceeding scheduled by Defendant, WELLS FARGO BANK N.A., for Tuesday, September 6, 2011 between 1:00 p.m. -- 4:00 p.m. at the Tarrant County Court House, Texas." Pet. at III.[2] In summary, plaintiffs made the following allegations of fact, some conclusory in nature, in their pleading:

On February 25, 2000, plaintiffs executed a note to World Savings in the principal amount of $145,238 for the purchase of their property in Euless, Texas, secured by a deed of trust covering the property. Id. at IV, ¶¶ 1, 7. From that date until June 2009, plaintiffs "performed their payment obligations on a timely and regular basis per the note to the original mortgage servicer and subsequently to Wachovia Mortgage and subsequently Wells Fargo Bank, N.A." Id., ¶ 2. In October 2008, plaintiffs

---

[2] The court is using Roman numerals in the references to plaintiffs' pleading, which are a part of the headings in plaintiffs' pleading, because the pleading is not paginated and the paragraphs are not numbered properly.

contacted Wachovia Mortgage ("Wachovia") to request a loan modification and received an application. Id., ¶ 4. They "completed the modification application and returned it to Wachovia," but "no response" was received from Wachovia. Id., ¶¶ 4-5. Plaintiffs instead received correspondence from Wells Fargo directing them to continue to pay Wachovia. Id., ¶ 5. "After a second request on the status of their modification and several months with no response to this request, Plaintiffs wrote to [Wells Fargo] requesting that [Wells Fargo] honor and notify Plaintiffs of the status of the prior loan modification agreement in the form of a more detailed 'Qualified Written Request'" pursuant to 12 U.S.C. § 2605. Id., ¶ 6. At no point did plaintiffs ever receive a response from Wachovia, id., ¶ 5, or Wells Fargo, id., ¶ 6, stating that their loan modification application was approved or the qualified written request had been received, id., ¶ 7. On September 1, 2011, plaintiffs received notice of the foreclosure sale of their property, five days before the purported sale. Id., ¶ 8,

Plaintiffs asserted claims against Wells Fargo for breach of contract, id. at V, ¶¶ 10-13, violations of the Real Estate Settlement Procedures Act ("RESPA"), id. at IV, ¶¶ 6-7; id. at V, ¶¶ 12, 14, violations of section 51.002 of the Texas Property Code, and violations of the Texas Finance Code (referred to as

3

the "Texas Fair Debt Collections Practices Act"), id., ¶¶ 13-16. As relief, plaintiffs sought injunctive relief preventing defendant from foreclosing on plaintiffs' property, and declaratory rulings that no foreclosure sale of plaintiffs' property be validated during the pendency of the action and preventing eviction of plaintiffs from the property.

On September 6, 2011, the state court granted plaintiffs a temporary restraining order that prevented Wells Fargo from proceeding with the finalization of the foreclosure of plaintiffs' property that was scheduled to be conducted on September 6, 2011. Wells Fargo removed the action to this court on September 14, 2011. In Wells Fargo's motion to dismiss filed September 27, 2011, it argued, inter alia, that plaintiffs' pleading failed to state a claim upon which relief can be granted because plaintiffs merely recited the elements of each cause of action and asserted legal conclusions, but alleged no facts in support thereof, and that plaintiffs failed to state a plausible claim for relief that raises their right to relief above a speculative level.[3] Mot. at 2.

---

[3] Wells Fargo argues in its brief that plaintiffs' state-law claims are preempted by the Home Owners' Loan Act. The court is not required to analyze that contention in reaching the court's conclusion that Wells Fargo's motion to dismiss has merit. The court does note that there could be a question as to whether the state of the pleadings is such that the court could, without impermissibly going outside the pleadings, base a failure to state a claim ruling on such a preemption contention.

4

II.

Analysis

A.  The Rule 8(a)(2) Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

5

that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

B. <u>Applying the Standards to the Complaint</u>

Proceeding only on the basis of the information before the court in plaintiffs' pleading, the court finds that the allegations fall short of the pleading standards. Plaintiffs' complaint fails to meet the standard set forth in Rule 8(a)(2), as interpreted by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u>. The court agrees with defendant that the allegations therein are nothing more than conclusory assertions that defendant harmed plaintiffs; the complaint contains inadequate factual allegations to support the claims or causes of action and is therefore insufficient to give defendants notice of plaintiffs' claims against it; and, the court cannot infer from the allegations of plaintiffs' pleading that plaintiffs have a right to the relief they seek from Wells Fargo.

6

The court considers plaintiffs' theories of recovery in the following order: first, the claims of violations of RESPA; next, the breach of contract claim; next, the claim of violations of the Texas Property Code; and, finally, the claim of violations of the Texas Finance Code.

1.  The RESPA Claims

Plaintiffs alleged that Wells Fargo violated 12 U.S.C. § 2605(e) because plaintiffs "received no information as required by the RESPA statute" after they submitted a request that Wells Fargo "honor and notify Plaintiffs of the status of the prior loan modification agreement." Pet. at IV, ¶ 6.

The court concludes that plaintiffs failed to sufficiently allege that they sent any communication meeting the requirements of a "qualified written request." The pleading does not state that the correspondence sent included information that enabled Wells Fargo to "identify the name and account of the borrower," 12 U.S.C. § 2605(e)(1)(B)(i), or that the correspondence either included "a statement of the reasons for the belief . . . that the account [was in error]" or that it provided Wells Fargo with "sufficient detail" about the "information sought," id. § 2605(e)(1)(B)(ii). Nor is there any allegation of fact in the pleading from which the court could conclude that plaintiffs suffered any loss or damage as a result of any failure of Wells

Fargo to respond to any written request of plaintiffs. Thus, plaintiffs have not sufficiently stated a claim for relief under § 2605(e) of RESPA.

To the extent that plaintiffs have alleged a violation of § 2605(c) of RESPA, those allegations also fail to state a claim for relief. Plaintiffs cannot prevail on a § 2605(c) claim against Wells Fargo because they fail to allege any of the following: (1) that the rights to service their loan were transferred to Wells Fargo; (2) that Wells Fargo failed to provide qualifying notice of the transfer within fifteen days after the effective date of the transfer; or (3) that the alleged failure to provide qualifying notice of the transfer caused actual damages.[4]  12 U.S.C. § 2605(c), (f).

2. <u>The Breach of Contract Claim</u>

For their breach of contract claim, plaintiffs alleged that Wells Fargo "owed them a legal duty per the mortgage contract to accept any terms and conditions that were modified and/or change[d] prior to it accepting any transfer to service the

---

[4] Plaintiffs alleged that "before their loan is transferred, sold or assigned by World Savings, Plaintiffs must be given written notice of transfer per Section 6 of R.E.S.P.A. (12 USC Section 2605)." Pet. at V, ¶ 14. Although plaintiffs referred to "the failure of Wachovia Mortgage, FSB and Defendant, WELLS FARGO BANK, N.A. transferring their file," id., ¶ 15, plaintiffs never actually alleged that Wells Fargo failed to provide timely notice. Nor did plaintiffs adequately plead actual damages to qualify for recovery. Accordingly, plaintiffs have failed to allege sufficient facts to state a claim under § 2605(e) or under § 2605(c) of RESPA.

8

mortgage note from a prior servicer." Pet. at V, ¶ 10. Furthermore, plaintiffs alleged that:

> Wachovia Mortgage had accepted Plaintiffs['] modification application when WELLS FARGO BANK, N.A. a mortgage servicer took over Plaintiffs['] note. Neither Wachovia or WELLS FARGO BANK, N.A. indicated to Plaintiffs that the modification application had been rejected or denied.

Id.

The court concludes that plaintiffs cannot state a breach of contract claim arising from this purported loan modification application. By their own allegations, plaintiffs state that they received no response on the status of their loan modification application from Wachovia or Wells Fargo. Id.; see also id. at IV, ¶ 5-7 (stating that plaintiffs received "no response from Wachovia" about the application and that plaintiffs "received no information" from Wells Fargo about their qualified written request). The court finds nothing in the petition to support an allegation that the lack of a response from Wachovia or Wells Fargo on the application resulted in a binding loan modification agreement. Accordingly, plaintiffs' allegations concerning the loan modification application are wholly conclusory, devoid of any factual support, and do not amount to a breach of contract claim.

As for the other grounds of their breach of contract claim, plaintiffs alleged that

> [Wells Fargo's] action[s] are a breach of contract per Section 13 of the Deed of Trust and are in violation of this covenant with their dilatory tactics in failing to respond to Plaintiffs. . . .
>
> . . . [Wells Fargo did] not adher[e] to the terms of their contract to stop all collection efforts including foreclosure until all of the Plaintiffs' challenging the debt (e.g. the servicing of the complaints per the modification agreement have been resolved and/or addressed by the Defendant per the R.E.S.P.A. clause of the contract.

Id., ¶¶ 11-12.

Plaintiffs' breach of contract claims on these additional grounds also do not state a claim for relief. In order to prevail on their breach of contract claim, plaintiffs must establish (1) the existence of a valid contract between plaintiffs and defendant, (2) the plaintiffs' performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiffs' damage as a result of the breach. Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n, 205 S.W.3d 46, 55 (Tex. App.--Dallas 2006, pet. denied).

Plaintiffs fail to satisfactorily plead all of these elements. With respect to performance, plaintiffs merely alleged that their timely performance of their payment

obligations extended through June 2009. Pet. at IV, ¶ 2. They have not alleged that this performance continued beyond that time, or that they were excused from further performance. As for breach, the petition made vague references to a "R.E.S.P.A. clause of the contract" and "Section 13 of their Deed of Trust," but no supporting documentation was attached to clarify the requirements of this clause or section. As for injury, the petition is devoid of any facts or allegations to show that plaintiffs have suffered any injury, much less any monetary loss. Only speculative allegations of future damages to their credit reputation and lost equity in the property are stated, Pet. at V, ¶ 17, and those allegations are simply too speculative to show either causation or injury, especially given that the foreclosure has not yet occurred. Accordingly, plaintiffs have not pleaded a plausible breach of contract claim under any of these grounds.

    3.    <u>The Texas Property Code Claim</u>

The court now considers plaintiffs' complaints concerning the notice requirements of the Texas Property Code. In their petition, plaintiffs alleged that Wells Fargo "is in direct contravention of the notice provisions of the Texas Property Code § 51.002 as it relates to the

posting of the foreclosure." Id., ¶ 15. This allegation does not state with particularity any of the deficiencies in the substance, form, or manner of notice required by the Property Code. The court, in looking to section 51.002 of the Property Code, cannot divine what provision has been violated--such as the type of notice that was allegedly not provided, or whether some or all of the information was omitted in the notices. The petition does not contain any factual allegations that would permit the court to determine whether the deficient notice complained of refers to the notice that must be posted at the Tarrant County courthouse door, the notice that must be filed with the Tarrant County clerk's office twenty-one days before the foreclosure sale date, or the written notice that must be served on plaintiffs by certified mail twenty-one days before the foreclosure sale date. Tex. Prop. Code § 51.002(b).

4.  The Texas Finance Code Claim

The court now turns to the claims plaintiffs have alleged under the Texas Fair Debt Collection Practices Act, which the court assumes are referring to violations of the Texas Finance Code. See Tex. Fin. Code §§ 392.001, et seq.

Plaintiffs have alleged that Wells Fargo's posting of the property for foreclosure was "in direct contravention of the notice provisions of the Texas Fair Debt Collection Practices Act" and that "under the Texas Fair Debt Collections Practices Act [sic], the Plaintiffs have been prevented from exercising their rights to dispute and correct any discrepancies prior to acceleration of their mortgage note with Defendant." Pet. at IV, ¶ 9; id. at V, ¶ 15. The petition, however, contains no more detail specifying exactly which sections of the Finance Code have been violated, much less any other factual allegations to support these claims. Significantly, plaintiffs have failed to plead that Wells Fargo qualifies as a "debt collector" under the Finance Code. Tex. Fin. Code §§ 392.001(6), 392.301. This omission, the court deems, is ultimately fatal to plaintiffs' claims arising under the Finance Code.

### III.

### Conclusion

The court therefore concludes that plaintiffs have not alleged any facts that would allow the court to draw the reasonable inference that plaintiffs are entitled to declaratory or injunctive relief or that Wells Fargo is liable to plaintiffs under any of the theories of liability

alleged in their pleading. As a result, plaintiffs' pleading fails to state a plausible claim to relief and should be dismissed.

For the reasons given above,

The court ORDERS that Wells Fargo's motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action asserted by plaintiffs against Wells Fargo be, and are hereby, dismissed.

SIGNED November 17, 2011.

_____
JOHN McBRYDE
United States District Judge